## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

| | |
|---|---|
| ETHAL HARRIS<br>*Plaintiff* | DOCKET NUMBER:  NO. 11-201 |
| | SECTION: "R" |
| VS. | JUDGE |
| USA INSURANCE COMPANIES, KAREN<br>HOLMES, BRIAN BECK AND XYZ<br>INSURANCE COMPANY | MAGISTRATE: (3) |
| | UNDER TITLE: Diversity Jurisdiction<br>28 U.S.C., 1332 |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S 12 (f) 2 MOTION TO STRIKE AFFIRMATIVE DEFENSES ASSERTED IN RESPONDENTS' ANSWER

**NOW INTO COURT,** through undersigned counsel comes Movant, Ethal Harris who respectfully moves to strike Defendants' "First through Tenth" Affirmative Defenses asserted in the Answer filed by Respondents Karen Holmes and USA Insurance Companies on March 10, 2011.  Those defenses should be stricken because they inject irrelevant or immaterial issues, assert defenses that are insufficient as a matter of law, and/or would prejudice Complaint Counsel by threatening an undue broadening of the issues. In support hereof, the following is respectfully submitted.

**PERTINENT FACTS:**

On or about December 14, 2010, at approximately 9:51 p.m., Ethal Harris, was a passenger in a 2008 Nissan Pathfinder being operated by Dianne Harris in a safe and prudent manner headed Southbound on Williams Blvd near its intersection with Joe Yenni Blvd, in Kenner, Jefferson Parish, Louisiana.  At the approximately the same time and place, Defendant, Brian E. Beck, operating a 2002 Toyota Camery, suddenly, unexpectedly and without warning disregard the stop sign regulating the flow of traffic in the intersection, entered into said

intersection at a high rate of speed, then violently struck plaintiff's vehicle on the front drivers side, causing severe damage to person and property.  "COUNT 3 – DAMAGES" of plaintiff's original Complaint states clearly that "a result of the aforementioned incident, Plaintiff, Ethal Harris, suffered severe injuries to her body, which included but not are not limited too: shattered right hand and fingers requiring corrective surgery, shattered right ankle and foot requiring corrective surgery, blood clots resulting from air bag deployment."

On March 3rd, 2011, Defendant Karen Holmes and USA Insurances filed an Answer to Plaintiff's Complaint alleging a boiler plate of affirmative defenses numbering 1 through 10. Defendant, Brian E. Beck was arrested at the scene and charged with; One Count of Driving while Intoxicated;Two counts of Resisting a Police Officer; Reckless operation; and Failure to yield. The Jefferson Parish District Attorney's Office has accepted the charges and Mr. Brian E. Beck was arraigned on May 20th, 2011 at 9:00 A.M in First Parish Court, in Kenner, Louisiana. At that time Defendant, Brian Beck was personally served with this law suit and summons at his arraignment.

**LEGAL STANDARD FOR MOTIONS TO STRIKE**

Rule 12(f) authorizes this Court to strike any legally insufficient affirmative defense, either upon its own motion or that of a party:

(f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.  In summary, a motion to strike is a

way for one party to let the court know she believes that all or part of a pleading or testimony of the opposing party is insufficient, immaterial, redundant, impertinent, or even scandalous and a waste of the courts time.

The relevant federal rule and cases there under provide important guidance on this issue. The rule, Fed. R. Civ. P. 12(f), states that "[upon motion made by a party.  The court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A Rule 12(f) motion serves to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sony Pictures Entertainment, Inc. v. Fireworks Entertainment Group, Inc., 1 56 F. Sup. 2d 1148,1154 (C.D. Cal. 2001), quoting Bureerong v. Uvawas, 922 F. Supp. 1450,1478 (C.D. Cal. 1986); see Heller Financial, Inc., v. Midwhey Powder Co., Inc., 883 F.2d 1286 (7th Cir. 1989) (motions to strike appropriate to remove unnecessary clutter from the case).

A defense is properly stricken if it is insufficient as a matter of law. EEOC. v. First Nat 'Z Bank of Jackson, 614 F.2d 1004 (5' Cir. 1980); FTC v. Hang-up Art Enterprises, Inc., 1995 U.S. Dist. LEX1S 21444, at *8 (C.D. Cal. 1995). A defense that might confuse the issues in the case, and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted. FDIC v. Main Hurdman, 65 5 F. Supp. 259 (E.D. Cal. 1987).

## STANDARD OF REVIEW UNDER RULE 8 AND 9

Rule 8 requires a short, plain statement of the defense. F.R.Civ.P. 8(b). While the statement must be short and plain, it must also provide fair notice of the defense. Courts have construed this requirement to mean that an affirmative defense must meet all the pleading requirements of both Rule 8 and Rule 9.

Likewise, the sufficiency of these defenses is tested under the same standard as a claim under Rule 12(b). (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge-in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient. Renalds v. S.R.G. Restaurant Group, Chicago, LLC, 119 F.Supp.2d 800, 802 (N.D.Ill.2000) (citing Heller, 883 F.2d at 1294). Williams v. Provident Inv. Counsel, Inc., 279 F.Supp.2d 894 (N.D.Ohio 2003).

Thus for purposes of the current standards, all affirmative defenses must comply with the recently announced standards in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)

> *6 "**Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure .**" Heller, 883 F.2d at 1294. Under Fed.R.Civ.P. 8(b), a defense must set forth a "short and plain statement" of the basis for the defense. See also Id. The parties dispute whether the pleading standard recently outlined in Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) applies to affirmative defenses. The plaintiff contends that, as with complaints, affirmative defenses must also contain enough "[f]actual allegations ... to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965. In response, the defendants argue that the purpose of the pleading requirements, as they relate to affirmative defenses, is to give the plaintiff "fair notice" of the defenses being advanced. See Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir.1999). In Bowman, the court held that a "defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." id. The court also noted that "in some cases, merely pleading the name of the affirmative defense ... may be sufficient." id. Despite the arguments of the parties to the contrary, the pleading requirements outlined in Twombly and Woodfield are not materially different. Rather, under both standards, "[s]pecific facts

are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' "Erickson v. Pardus, ---U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The degree of factual specificity required, if any, to provide the plaintiff with fair notice of the affirmative defense depends on the specific case and the specific defense being pled.

## ANALYSIS:

Defendant's First through Tenth defenses asserted in the Answer filed by Respondents

Karen Holmes and USA Insurance Companies on March 10, 2011 reads as follows:

---

**FIRST DEFENSE**
The allegations of the Complaint fail to state a claim upon this defendant which relief maybe granted in accordance with F.R.C.P. 12(b)(6).

**SECOND DEFENSE**
This action is brought in a court of improper venue.

**THIRD DEFENSE**
This Court lacks subject matter jurisdiction and plaintiff's claims fail to meet the jurisdictional minimum amount in controversy in accordance with 28 U.S.C. §1332.

**FOURTH DEFENSE**
Should it be determined that Brian Beck is convicted of DUI then The USA Insurance Company policy exclusion may apply to deny insurance coverage available to plaintiff.

**FIFTH DEFENSE**
The USA Insurance Companies doing business as USA Insurance Companies and The Union Savings American Insurance Company specifically reserves all rights to plead any insurance policy exclusion to deny coverage to either Mr. Beck or Ms. Holmes.

**SIXTH DEFENSE**
Further answering, defendant pleads all limitations and defenses of Louisiana Act 1476(1997) and the Louisiana Compulsory Motor Vehicle Liability Law that may be applicable to any plaintiff who was the owner or operator of a motor vehicle involved in the accident described in the petition.

**SEVENTH DEFENSE**
Upon information and belief, plaintiffs are either uninsured or underinsured Defendants affirmatively plead Louisiana's "No Pay - No Play" statute, La. R.S. 32:866, which operates to bar or diminish plaintiff's recovery.

**EIGHT DEFENSE**
The accident and injuries complained of were caused in whole or in part through the fault of plaintiff in failing to keep a proper lookout, failing to see what she should have seen, and other acts of fault and comparative fault which will be shown at the trial hereof.

**NINTH DEFENSE**
While defendants deny that plaintiff's cause of action is sufficient for trial by jury, should her damages exceed $75,000 exclusive of interest and costs, defendants desire and are entitled to a trial by jury on all issues.

**TENTH DEFENSE**
Comparative Negligence

---

Here, the defendants have failed "to set forth any allegations beyond bare-bones legal conclusions." Marina Bartashnik, 2005 WL 3470315 at *4. "[S]tringing together a list of legal defenses is not sufficient to satisfy Rule 8(a)." Yash Raj Films, 2004 WL1200184 at *3. Such

being the case, these defenses will be stricken without prejudice. Voeks v. Wal-Mart Stores, Inc., 2008 WL 89434 (E.D.Wis. 2008). Thus, a pleading must set forth sufficient facts to provide fair notice of the nature of the defense.

A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974. Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65; see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir.2007). No longer is it sufficient to show just a possible claim under the 'no set of facts' standard, but rather a pleader must allege the defense to be plausible based upon facts alleged. Twombly.

In Defendants **"First Defense"** it is stated that "the allegations of the Complaint fail to state a claim upon this defendant which relief maybe granted in accordance with F.R.C.P. 12(b)(6)." At the outset, the court should recognize that the Plaintiff has set forth facts and identified specific legal theories of liability. Specifically, Plaintiff has alleged actionable causes in Counts 1 through 4 of its Original Complaint. No longer is it sufficient to show just a possible claim under the 'no set of facts' standard, but rather a pleader must allege the defense to be plausible based upon facts alleged. Twombly. A defense that might confuse the issues in the case, and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted. FDIC v. Main Hurdman, 65 5 F. Supp. 259 (E.D. Cal. 1987). Defendants have not plead in said affirmative defense that the allegations cited in Counts 1 through 4 are not present. Therefore, Defendants **"First Defense"** should be stricken.

Under the section of the Original Complaint entitled "Jurisdiction and venue" plaintiff has alleged that "the underlying motor vehicle collision occurred in Kenner, Louisiana, which is

within the territorial bounds of the Eastern District of Louisiana." Defendants **"Second Defense"** alleges that "this action is brought in a court of improper venue" Defendant has not plead specific fact pr the "who, what, why, when, and where" as to explain why the United States Court for the Eastern District of Louisiana is not the proper venue for this car Wreck which occurred within its jurisdictional bounds.

As stated in "COUNT 3 – DAMAGES" of plaintiff's Original Complaint a result of the aforementioned incident, Plaintiff, Ethal Harris, suffered severe injuries to her body, which included but not are not limited too: shattered right hand and fingers requiring corrective surgery, shattered right ankle and foot requiring corrective surgery, blood clots resulting from air bag deployment. Defendants allege in their **Third Defense** that this court Lacks Jurisdiction because the cause of action does not meet the jurisdictional minimum amount in controversy in accordance with 28 U.S.C. § 1332. However, Defendants do not give "operative facts" supporting said contention associated with aforementioned affirmative defense.

Defendants **Fourth and Fifth Defenses** merely mention potential policy exclusions with no reference to a specific policy provision or citing language which would exclude Karen Holmes, generally, and Brian Beck, specifically, from coverage under the USA Insurance Policy if he is "convicted of DUI". A party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65; see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir.2007).

Defendants have alleged a defense under La. R.S. 866 ( E ) of the "No Pay No Play" statue in their **Sixth and Seventh.** La. R.S. 866 ( E ) of the "No Pay No Play" statue states that "a passenger does not lose their right of action caused by another person operating a vehicle,

unless that passenger is a owner of that uninsured vehicle". Ethal Harris was a passenger in the aforementioned vehicle, struck by Defendant Brian E. Beck.   Nevertheless, Defendants have not alleged that Plaintiff, Ethal Harris, owned the vehicle, as would be necessary to fulfill the requirements of *Twombly,* and rule 8 and 9.  Therefore, Defendants' affirmative defenses fail to include "operative facts" in support of its legal conclusions.

Defendants allege in its "**Eighth Defense**" that "The accident and injuries complained of were caused in whole or in part through the fault of **plaintiff** in failing to keep a proper lookout, failing to see what she should have seen, and other acts of fault and comparative fault which will be shown at the trial hereof.  As stated, in the Original Complaint Ethal Harris, was a passenger in the vehicle struck by Defendant, Brian E. Beck.  Defendants have not alleged any facts which indicate Ethal Harris, a passenger failed to keep a proper look out or failed to see what she as a passenger should have scene in relation to this motor vehicle collision.

Regarding Defendants' **Ninth Defense** Plaintiff has no objections' to Defendants request for trial by jury on those issues triable by jury.  However, the same is not an affirmative defense, rather it is a prayer and is confusing as written; and thus subject to be stricken.  Heller Financial, Inc., v. Midwhey Powder Co., Inc., 883 F.2d 1286 (7th Cir. 1989) (It is appropriate to remove unnecessary clutter from the pleading so as not to confuse issues)

Defendants' **Tenth Affirmative defense**, States "Comparative Negligence".  Without indicating the "who, what, when, where and how".  Defendants, simply give the "bare bones legal conclusion".  Therefore, Tenth affirmative defense fails to include a single fact in support of its legal conclusions; and should be stricken from the record.

**CONCLUSION**

Simply parroting the language of a statutory defenses does not satisfy the liberal pleading standard of Fed. R. Civ. P. 8. Surface Shields, Inc. v. Poly-Tak Protection systems, Inc., 213 F.R.D. 307, 308 (N.D. Ill. 2003). Defendants have failed to plead the "who, what, where, and when" of their defenses, and its blanket denial fails to satisfy the heightened pleading standard of Fed. R. Civ. P. 9. See. SNAPP Inc., supra. In this case, the bare bones pleading of the defense fails the tests of both Rule 8 and Rule 9.

While a bona fide affirmative defense may be raised in response to each allegation, the manner in which that defense would be proven in relation to the different claims would be unique to the specific allegation. Put another way, each instance of the defense would require different proofs. Thus, setting forth the bare legal conclusion of a bona fide defense provides no information from which Plaintiff could even begin to understand how this defense would be applicable.

The Defendants' affirmative defenses "First through Tenth" fail to set forth which claims and factual allegations are subject to said affirmative defense. No person, places or events are mentioned, rather, only a conclusionstatements are offered. This is insufficient to apprise the Plaintiff of the nature of the defense. Likewise, it is impossible to tell what Defendant, USA Insurance Company's claims as insulation from Coverage liability as to Defendants Karen Holmes and Brian Beck are under the USA Insurance policy; or what it contends are facts supporting their affirmative defense of Ethal Harris's comparative negligence even was.

Defendants' "obligation to provide the 'grounds' of [its] 'entitlement] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). In order to meet

its minimal pleading burden, Defendants must allege the "operative facts" of this defense in order to meet Rule 8 and Twombly's requirements.  Additionally, "[p]articularity" as used in Rule 9(b) means "the who, what, when, where, and how of the defense: the first paragraph of any newspaper story." GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078 (7th Cir. 1997), accord SNAPP.

Defendants affirmative defenses fail to do this, but if they did it would still be inadequately pleaded under Rule 9(b), as mere notice of the basis of a defense does not meet the requirements of Rule 9(b). Plaintiff is entitled under Rule 9(b) to know what the alleged defense was, who made it, when it happened, where it happened, and how it happened. The defenses should be stricken under Rule 8 and 9 for failure to include any required allegations of fact substantiating affirmative defenses first through tenth.

The affirmative defenses discussed above are legally insufficient, irrelevant and would lead to unnecessary and burdensome discovery.

**WHEREFORE**, Plaintiff ask that Defendants' First through Tenth Affirmative Defenses asserted in the Answer filed by Respondents Karen Holmes and USA Insurance Companies on March 10, 2011 be stricken.  For the reasons set forth in the brief above, Plaintiff Mrs. Ethal Harris requests that the Court strike Defendants First through Tenth affirmative Defenses.

Respectfully submitted,

DENNIS SPURLING PLLC
ATTORNEYS AT LAW

DENNIS D. SPURLING LSB No.: 27093
405 Main Street Ste. 700
Houston, Texas 77002
Tel. (713) 229-0770
Fax. (713) 229-8444

## CERTIFICATE OF CONFERENCE

Plaintiff attempted to contact Defense counsel via telephone on May 20th, 2011 in an

attempt to resolve this matter, to no avail.

DENNIS D. SPURLING