UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ETHAL HARRIS                              CIVIL ACTION

VERSUS                                    NO: 11-201

USA INSURANCE COMPANIES,                  SECTION: R(3)
KAREN HOLMES, BRIAN BECK AND
XYZ INSURANCE COMPANY


**ORDER AND REASONS**

Before the Court is plaintiff Ethal Harris' motion to strike defendants USA Insurance Companies and Karen Holmes' affirmative defenses. For the following reasons, plaintiff's motion is GRANTED in part and DENIED in part.


**I.   Background**

This case arises out of a car accident that occurred on December 14, 2010. On that date, a car driven by Dianne Harris and a car driven by Brian Beck collided. Plaintiff, Ethal Harris, was a passenger in the car driven by Dianne Harris. Karen Holmes is the owner of the car driven by Beck. Plaintiff alleges that Beck disregarded a stop sign and struck plaintiff's vehicle on the front driver's side. Plaintiff also alleges that Beck was arrested at the scene and charged with driving while intoxicated, resisting a police officer, reckless operation of a motor vehicle and failure to yield. Plaintiff brought suit on January 1, 2011, alleging that Karen Holmes, Brian Beck, USA

Insurance Companies and XYZ Insurance Company were negligent and are liable to the plaintiff for damages.  In their answer, defendants USA Insurance Companies and Karen Holmes asserted ten affirmative defenses.  On June 7, 2011, plaintiff filed this motion to strike these affirmative defenses.[1]

## II. Legal Standard

Federal Rule of Civil Procedure 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Country*, 306 F.2d 862, 868 (5th Cir. 1962); *see also Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)("motions to strike a defense are generally disfavored"); *Synergy Mgmt., LLC v. Lego Juris A/S*, 2008 WL 4758634, at *1 (E.D. La. Oct. 24, 2008) ("motions to strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted."); 5C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381.  A motion to strike should be granted only when "the allegations are prejudicial to the defendant or immaterial to the lawsuit."

---

[1]     R. Doc. 14.

2

*Johnson v. Harvey*, 1998 WL 596745, at *7 (E.D. La. 1998)(quoting *Veazie v. S. Greyhound Lines*, 374 F.Supp. 811, 815 (E.D. La. 1994).  Immateriality is established by showing that the challenged allegations "can have no possible bearing upon subject matter of the litigation."  *Bayou Fleet P'ship, LLC v. St. Charles Parish*, 2011 WL 2680686, at *5 (E.D. La. Jul. 8, 2011)(quoting *Sadler v. Benson Motors Corp.*, 1997 WL 266735, at *1 (E.D. La. 1997)).  The court will not decide a disputed question of fact on a motion to strike.  *Gonzalez v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 2607096, at *5 (E.D. La. July 1, 2011).

## III. Discussion

Plaintiff asserts that defendants' affirmative defenses should be stricken because they assert defenses that are insufficient as a matter of law, inject irrelevant or immaterial issues, and would prejudice the plaintiff.

### A. Rule 9(b)

As an initial matter, contrary to plaintiff's contention, defendants are not subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *See* Fed. R. Civ. P. 9(b)("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  Because none of the asserted affirmative defenses

3

involve allegations of fraud or mistake, Rule 9(b) is inapplicable. *See e.g., J & J Sports Prods., Inc. v. Tawil*, 2009 WL 3761766, at *2 (W.D. Tex. Nov. 9, 2009)(finding that because plaintiff did not allege a claim for fraud or mistake within the meaning of Rule 9(b), the Rule was inapplicable); *Full Service Sys. Corp. v. Innovative Hospitality Sys., LLC*, 2007 WL 4370309, at *3 n.2 (S.D. Miss. Dec. 10, 2007)("Because Plaintiff does not assert any fraud-based causes of action against these Defendants, the heightened pleading requirements of Rule 9(b) are inapplicable.).

*B. Pleading Standard for Affirmative Defenses*

Affirmative defenses are pleadings governed by the requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 8. Subsections (b) and (c) of Rule 8 set forth the pleading requirements for defenses and affirmative defenses. FED. R. CIV. P. 8(b)-(c). A defendant is required to "state in short and plain terms its defenses to each claim asserted against it" and "affirmatively state any avoidance or affirmative defense..." FED. R. CIV. P. 8(b)(1)(A) and (c)(1).

In *Woodfield v. Bowman*, the Fifth Circuit held that affirmative defenses are subject to the same pleading requirements as a complaint and articulated a "fair notice" standard for pleading affirmative defenses. 193 F.3d 354, 362 (5th Cir. 1999). Under this standard, a defendant is required to

4

plead an affirmative defense "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."  *Id.* (citing *Automated Med. Labs. v. Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980).  In *Rogers v. McDorman*, which was decided after *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), but before *Ashcroft v. Iqbal*, 129 S.Ct 1937 (2009), the Fifth Circuit relied on the *Woodfield* "fair notice" standard.  521 F.3d 381, 385 (5th Cir. 2008)(stating that "[a] defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced)(citing *Woodfield*, 193 F.3d at 362).  Although the Court cited *Woodfield* approvingly, the Court did not specifically address whether the heightened *Twombly* plausibility requirement applies to pleading affirmative defenses.  After *Rogers*, it is clear that under Fifth Circuit law an affirmative defense must at least meet the "fair notice" requirement.  What is less clear is whether an affirmative defense must also meet the plausibility standard of *Iqbal* and *Twombly*.  *See e.g.*, *EEOC v. Courtesy Bldg. Servs. Inc.*, 2011 WL 208408, at *2 (N.D. Tex. Jan. 21, 2011)(declining "in the absence of complete briefing and guidance from the Fifth Circuit or the Supreme Court, to extend the *Iqbal* and *Twombly* plausibility standard to the pleading of affirmative defenses)); *United States v. Brink*, 2011 WL 835828, at *3 (S.D. Tex. Mar. 4,

5

2011)("[I]t is not clear whether the Supreme Court's decisions in *Twombly* and *Iqbal* extend to the pleading requirements of affirmative defenses").

Many of defendants' asserted affirmative defenses, although labeled as such, are mischaracterized.  An affirmative defense is "any matter that serves to excuse the defendant's conduct or otherwise avoid the plaintiff's claim, but which is proven by facts extrinsic to the plaintiff's claim, or a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's claim, even if all allegations in the complaint are true."  27 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 62.79; *see also* FED. R. CIV. P. 8(c).  Defendants' assertions that the Court lacks jurisdiction and that venue is improper are not affirmative defenses.  Rather, they are defenses that are subject to general denials, and need not be pleaded with any specificity.  *See* FED. R. CIV. P. 8(b)(3).  Further, the Court finds that defendants sufficiently pleaded the affirmative defenses of the policy exclusion based on a driving under the influence conviction and liability for a plaintiff vehicle owner under Louisiana Act 1476 and the Louisiana Compulsory Motor Vehicle Liability Law (sixth and seventh defenses).  The affirmative defenses asserting unspecified policy exclusions (fifth defense) and contributory negligence (eighth defense),

6

however, do not give fair notice or state plausible grounds.
Accordingly, these affirmative defenses are insufficiently
pleaded under either the fair notice standard of *Woodfield* or the
plausibility standard *Twombly* and *Iqbal*.


**IV.   Conclusion**

The Court DENIES plaintiff's motion as to defenses one, two,
three, four, six, seven, nine and ten.  Because the Court finds
that defendants failed to sufficiently plead their fifth and
eighth affirmative defenses, the Court GRANTS plaintiffs' motion
to strike as to those claims but gives defendants fourteen days
to amend their answer to assert their defenses properly.


New Orleans, Louisiana, this 30th day of August, 2011.


_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

7